UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHPREET SINGH SINGH (A-245-687-466),<br>Petitioner,<br>v.<br>MOISES BECERRA, et al.,<br>Respondents. | No. 1:26-cv-6170 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Arshpreet Singh Singh (A-245-687-466) who is proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On December 25, 2023, a U.S. Customs and Border Patrol ("CBP") officer encountered petitioner. Petitioner was briefly detained then released with a Notice to Appear. On November 8, 2025, petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers. On April 16, 2026, petitioner appeared before an immigration judge for a bond determination hearing. The immigration judge denied bond. In the instant petition, petitioner challenges his ongoing detention and the denial of bond. For the reasons that follow, this Court recommends that this action be dismissed.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of India. (ECF No. 11-1 at 2.) On December 25, 2023, a CBP officer encountered petitioner and determined that petitioner had unlawfully entered the United States without being inspected and admitted or paroled. (Id.) Petitioner was briefly detained then released with a Notice to Appear charging petitioner pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § (a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. (Id.) On June 17, 2025, petitioner enrolled in the Alternatives to Detention ("ATD") Intensive Supervision Appearance Program. (Id.) On November 8, 2025, petitioner was arrested by ICE officers based on violations of the conditions of his ATD program. (Id. at 3.)

On April 16, 2026, petitioner appeared before an immigration judge for a bond determination hearing. (ECF No. 11-2 at 4-5.) The immigration judge denied bond based on a finding that petitioner is a flight risk. (Id.) On or around August 3, 2026, petitioner appealed this decision to the Executive Office for Immigration Review ("EOIR"). (Id. at 1-3.)

On May 12, 2026, an immigration judge denied petitioner's application for asylum, application for withholding of removal and application for withholding of removal under the Convention Against Torture. (ECF No. 1-3 at 1-4.) The immigration judge ordered petitioner removed to India. (Id. at 3.) On June 11, 2026, petitioner appealed the immigration judge's order to the Board of Immigration Appeals ("BIA"). (ECF No. 1-1 at 1; ECF No. 1-2.)

## II. PROCEDURAL BACKGROUND

On August 4, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On August 12, 2026, respondents timely filed response to the petition. (ECF No. 11.) On August 21, 2026, petitioner filed a traverse. (ECF No. 12.)

This action is related to Singh Singh v. Warden, case no. 1:26-cv-2261 DC CSK.[2] (ECF No. 9.) Petitioner is represented by different counsel in case no. 1:26-cv-2261 DC CSK. In case no. 1:26-cv-2261 DC CSK, on April 6, 2026, the district court granted petitioner's motion for a

---

[2] This Court takes judicial notice of the records filed in Singh Singh v. Warden, case no. 1:26-cv-2261 DC CSK. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2011).

temporary restraining order and ordered respondents to provide petitioner with a bond hearing within fourteen days. See case no. 1:26-cv-2261 DC CSK (ECF No. 8). On April 16, 2026, petitioner received the bond hearing ordered by the district court in case no. 1:26-cv-2261 DC CSK. See id. (ECF No. 9.) The instant petition raises claims related to the bond hearing ordered by the district court in case no. 1:26-cv-2261 DC CSK.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

The petition raises three claims for relief. In claim one, petitioner argues that application of 8 U.S.C. § 1225(b)(2) to petitioner unlawfully mandates his continued detention in violation of the INA. (ECF No. 1 at 11-12.) In claim two, petitioner argues violation of bond regulations based on the application of 8 U.S.C. § 1225(b)(2) pursuant to Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) to petitioner. (Id. at 12.) In claim three, petitioner raises a due process claim based on his continued detention while he awaits the outcome of his appeal to the BIA. (Id. 12-13.) In the response to the petition, respondents argue that petitioner is not entitled to a second bond hearing and the court should dismiss the petition without prejudice to allow EOIR custody review. (ECF No. 11 at 1-3.)

///

**A. Claim One**

Petitioner argues that application of 8 U.S.C. § 1225(b)(2) to petitioner unlawfully mandates his continued detention in violation of the INA. (ECF No. 1 at 11-12.) Claim one appears to be duplicative of claim two raised by petitioner in the petition filed in case no. 1:26-cv-2261 DC CSK. See case no. 1:26-cv-2261 (ECF No. 1 at 14-15).[3] Because petitioner is already litigating claim one in case no. 1:26-cv-2261 DC CSK, this court recommends dismissal of claim one as duplicative.

**B. Claim Two**

Petitioner argues that he was denied bond pursuant to Matter of Yajure Hurtado in violation of bond regulations, although he acknowledges that the immigration judge found him to be a flight risk. (ECF No. 1 at 11, 12.) For the following reasons, this Court finds that petitioner is not entitled to relief as to claim two.

In July 2025, the Department of Homeland Security adopted a new position that 8 U.S.C. § 1225, instead of 8 U.S.C. § 1226, governs detention of all applicants for admission, including aliens present in the United States "who ha[ve] not been admitted." See Chub v. U.S. Attorney General, 2026 WL 1875869, at *3 (E.D. Cal. June 30, 2026), findings and recommendations adopted, 2026 WL 2065692 (E.D. Cal. Jul. 16, 2026). "Under this view, such individuals are subject to mandatory detention under § 1225(b) without bond hearings before an immigration judge and are treated in the same manner as 'arriving aliens.'" Id. (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, American Immigration Lawyers Association (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited January 7, 2026). "In September 2025, the BIA issued a precedential decision adopting this interpretation and holding that immigration judges lack bond authority over noncitizens present in

[3] In claim two of the petition filed in case no. 1:26-cv-2261 DC CSK, petitioner argues, "The mandatory detention provision of 8 U.S.C. § 1225(b)(2) does not apply to noncitizens residing in the United States who entered without inspection and were not placed in expedited removal, and petitioner is not subject to any other mandatory detention statute…" See case no. 1:26-cv-2261 DC CSK (ECF No. 1 at 14).

the United States without admission, because they are applicants for admission subject to § 1225(b)(2)(A)." Id. (citing Matter of Yajure Hurtado, 29 I&N Dec. 216 at *9).

The immigration judge's April 16, 2026 decision, however, does not reflect that the immigration judge relied on Matter of Yajure Hurtado in denying petitioner bond. (ECF No. 11-2 at 4-6.) The immigration judge did not find that she lacked bond authority because petitioner was an applicant for admission. (Id.) The immigration judge denied petitioner bond based on a finding that petitioner is a flight risk. (Id.) Accordingly, petitioner's claim that the immigration judge improperly denied him bond pursuant to Matter of Yajure Hurtado should be dismissed.

In the reply, petitioner argues that the immigration judge improperly found him to be a flight risk when she denied him bond. (ECF No. 12 at 1-3.) Petitioner argues that the immigration judge considered petitioner's violation of the ATD requirements without referring to any specific violation. (Id. at 2.) Petitioner argues that this factor should not be held against petitioner as a flight risk without any specific facts as to how or why petitioner violated the ATD requirements. (Id.) Petitioner also argues that the immigration judge considered petitioner's strength of removal defense without acknowledging that the Circumvention of Lawful Pathways ("CLP") is no longer in effect to render petitioner ineligible for asylum for entering the United States without inspection. (Id. at 3.) Petitioner also argues that while the immigration judge referenced petitioner having set forth a sponsor and ties to the United States, these positive factors against him being a flight risk were largely ignored and not considered in the decision to deny bond. (Id.) For the following reasons, this Court finds that petitioner should be required to exhaust administrative remedies as to his claims challenging the immigration judge's decision denying bond raised in the reply.

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by

Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been

denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

In the instant action, petitioner does not dispute that his appeal of the immigration judge's order denying bond is not exhausted as it is pending with the EOIR. Petitioner also fails to show cause why he should be excused from the prudential exhaustion requirement regarding his claims challenging the immigration judge's denial of bond. Accordingly, petitioner's claims challenging the April 16, 2026 decision by the immigration denying his request for bond should be dismissed based on petitioner's failure to exhaust administrative remedies.

**C. Claim Three**

Petitioner argues that the government's detention of petitioner while he awaits the outcome of his appeal to the BIA violates due process. (ECF No. 1 at 12-13.)

As discussed above, in case no. 1:26-cv-2261 DC CSK, the district court granted petitioner's motion for a temporary restraining order and ordered a bond hearing. See case no.

1:26-cv-2261 DC CSK (ECF No. 8). In granting the motion for temporary restraining order, the district court implicitly found that petitioner was detained pursuant 8 U.S.C. § 1226(a). See id. (ECF No. 8 citing Calvillo v Chestnut, No. 1:26-cv-00569 DC CSK (E.D. Cal. Jan. 31, 2026), Tinoco v. Noem, 818 F. Supp. 3d 1141 (E.D. Cal. 2025).) Petitioner received the bond hearing ordered by the district court in case no. 1:26-cv-2261 DC CSK on April 16, 2026, after which the immigration judge denied bond based on a finding that petitioner is a flight risk. (ECF No. 11-2 at 4-6.)

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193, 1213 (9th Cir. 2022). The Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. See id. at 1203–14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz. See id. at 1213. Accordingly, the Court finds that petitioner is not entitled to relief as to claim three.

## V. CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed.
2. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing6170.157.imm/2