UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSHPREET SINGH SINGH (A-245-687-466),<br>Petitioner,<br>v.<br>MOISES BECERRA, et al.,<br>Respondents. | No. 1:26-cv-6170 DC CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Arshpreet Singh Singh (A-245-687-466), a noncitizen who is proceeding through counsel, has filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On September 16, 2026, the Court issued findings and recommendations to dismiss this action based on petitioner's failure to exhaust the denial of bond by an immigration judge. (ECF No. 13.) Respondents subsequently filed a notice of changed circumstances and status report indicating that petitioner was removed from the United States on October 8, 2026. (ECF No. 16.) The Court therefore vacates its September 16, 2026 findings and recommendations, and for the reasons that follow, this Court recommends that this action be dismissed as moot.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND

Petitioner has filed two habeas petitions in this district, and is represented by different counsel in each action. The habeas petition in the first action was filed on March 23, 2026. (Singh v. Warden, et al., No. 1:26-cv-2261 DC CSK (E.D. Cal.) ("Singh Singh I"), ECF No. 1.) On April 6, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner be provided a bond hearing. (Singh Singh I, ECF No. 8.) On April 16, 2026, petitioner appeared before an immigration judge for a bond determination hearing and the immigration judge denied bond. (Singh Singh I, ECF No. 9.) Petitioner then filed his second habeas petition in this action on August 4, 2026. Singh Singh v. Becerra, et al., No. 1:26-cv-6170 DC CSK (E.D. Cal.) (ECF No. 1) ("Singh Singh II"). The actions were related on August 10, 2026. (ECF No. 11.) On September 16, 2026, the Court issued findings and recommendations to dismiss Singh Singh II based on petitioner's failure to exhaust the denial of bond by an immigration judge. (ECF No. 13.)

The factual and procedural background previously presented in the district judge's April 6, 2026 order in Singh Singh I and the undersigned's September 16, 2026 findings and recommendations in this action are incorporated herein. (See Singh Singh I, ECF No. 8; ECF No. 13.) This section focuses on updates since the issuance of the September 16, 2026 findings and recommendations.

On September 29, 2026, respondents filed a notice of changed circumstances, stating that on September 28, 2026, the Board of Immigration Appeals granted petitioner's motion to withdraw his appeal of the immigration judge's May 12, 2026 decision that petitioner be removed to India. (ECF No. 14.) In response to this Court's order directing respondents to provide the petitioner's status, on October 16, 2026, respondents filed a status report stating that petitioner was removed from the United States on October 8, 2026. (ECF Nos. 15, 16.) Petitioner was ostensibly removed pursuant to the immigration judge's May 12, 2026 removal order after petitioner withdrew his appeal of the removal order. On October 19, 2026, this Court ordered petitioner to show cause within seven days why this action and Singh Singh I should not be dismissed as moot. (Singh Singh I, ECF No. 12; ECF No. 17.) Petitioner, who is represented by

counsel in both actions, did not respond in either action. (See Docket; Singh Singh I, Docket.)

## II. DISCUSSION

For the following reasons, this Court recommends that this action be dismissed as moot. Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record reflects that as of October 8, 2026, petitioner was no longer in immigration custody. (ECF No. 16.) Though the Court provided petitioner, who is represented by counsel, with the opportunity to show cause why this action should not be dismissed as moot, petitioner did not respond. (ECF No. 17; see Docket.) Because petitioner is not in immigration custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" due to petitioner's subsequent deportation, "curing his complaints about the length of his . . . detention"). Therefore, the Court recommends that this action be dismissed as moot.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the September 16, 2026 findings and recommendations (ECF No. 13) are vacated.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed as moot.
2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing6170.26.frs2.moot